NOT FOR PUBLICATION                                                                                              (Doc. No. 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Ipatios KARATZAS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 16-1302 (RBK/AMD) |
| | : | |
| v. | : | **Opinion** |
| | : | |
| MASS MUTUAL FINANCIAL GROUP, et al., | : | |
| | : | |
| Defendant(s). | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Ipatios Karatzas's ("Plaintiff") Complaint against Defendant Mass Mutual Financial Group and Massachusetts Mutual Life Insurance Company ("Defendant" or "MassMutual") asserting claims of breach of contract, breach of the covenant of good faith and fair dealing, and violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8–2. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8). For the reasons expressed below, Defendant's Motion to Dismiss is **GRANTED**.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is the owner of a life insurance policy issued by MassMutual that insured the life of Plaintiff's mother. Compl. First Count ¶¶ 2–3. The policy was issued on or about October 21, 2003. *Id.* First Count ¶ 6. At the time the policy was issued, Defendant allegedly represented that premiums would remain at a level rate throughout the life of the policy. *Id.* First Count ¶ 7. After issuance, however, Defendant supposedly began charging premium amounts that were more than

double the represented rate. *Id.* First Count ¶ 8. Plaintiff complained to Defendant that it overcharged for premiums as early as July 10, 2007. Def.'s Br., James Decl. ¶ 13.

On February 15, 2005, the District of New Jersey approved a nationwide class action settlement between class members and MassMutual. *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207 (2005). The settlement concerned life insurance policies purchased from MassMutual between January 1, 1983 through December 31, 2003, with the exception of those issued to individuals who opted out of the settlement. *Id.* at 216. In return for a settlement amount, class members agreed to a release ("Release") that barred them from bringing any claim that "arises from, concerns, or is in any way related" to the amount or method of calculating charges, including premium charges and administrative expenses, in addition to other claims. *Freeman v. MML Bay State Life Ins. Co.*, No. Civ. 10-4019 (JLL), 2011 WL 9134012, at *1 (D.N.J. Jan. 4, 2011), *aff'd*, 445 F. App'x 577 (3d Cir. 2011). The Release, however, does not encompass future claims for future conduct: "nothing in this Release shall be deemed to . . . release a Class Member's right to assert any claims that independently arise from acts, facts, or circumstances arising exclusively after the end of the Class Period." 226 F.R.D. at 244. Because Plaintiff purchased a life insurance policy from MassMutual during the class period, Plaintiff was sent a class notice. Def.'s Br., James Decl. ¶ 7. Plaintiff did not opt out or submit a claim on the policy. *Id.* ¶ 8–9.

On December 1, 2015, Plaintiff filed a Complaint in the Superior Court of New Jersey, Atlantic County, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of the NJCFA. *See* Compl. On March 7, 2016, Defendant timely removed the case to this Court (Doc. No. 1). On April 4, 2016, Defendant brought the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 8).

## II.     LEGAL STANDARD

Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and alleges that a plaintiff has failed to state a claim, it is treated under the same standards as a Rule 12(b)(6) motion. *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

#### A. Res Judicata

Defendant brings the present Motion to Dismiss pursuant to Rule 12(b)(6) and argues that res judicata, or claim preclusion, warrants dismissal of the Complaint. The defense of res judicata, or claim preclusion, "may be raised and adjudicated on a motion to dismiss and the court can take judicial notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam). Thus, "a court may take judicial notice of the record from a previous court proceeding between the parties." *Id.* However, the defendant still has the burden of proving that res judicata applies. *See id.*

Res judicata, or claim preclusion, bars a subsequent suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Determining whether a subsequent suit involves the same claim "does not depend on the specific legal theory invoked, but rather the essential similarity of the underlying events giving rise to the various legal claims." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)) (internal quotations omitted).

The Court finds that res judicata bars Plaintiff's claims in this case. First, a judicially approved settlement agreement qualifies as a final judgment on the merits, *Toscano*, 288 F.

App'x at 38, and the *Varacallo* settlement was judicially approved. 226 F.R.D. at 214. Second, Plaintiff and Defendant were both parties to the *Varacallo* settlement: the Release concerns claims brought against MassMutual in a class action, and Plaintiff is a member of the class because he owned an insurance policy that was the subject of the class action, was sent a class notice, and did not opt out.

Lastly, the claims raised by Plaintiff are the same claims as those at issue in the *Varacallo* settlement. The Third Circuit has pronounced that "[i]t is settled in this circuit that a class representative can enter into a settlement that bars future claims by class members even though the precluded claim was not presented, and could not have been presented, in the class action itself." *Freeman v. MML Bay State Life Ins. Co.*, 445 F. App'x 577, 579 (3d Cir. 2011) (quoting *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001)) (internal quotations omitted). The key question is whether "the factual predicate for future claims is identical to the factual predicate underlying the settlement agreement." *Id.* In *Freeman*, the court found that the *Varacallo* settlement did bar the plaintiff's breach of contract claim challenging MassMutual's calculation of charges, because the plaintiff's claim concerned a policy that was covered by the Release. *Id.* at 579–80. In the instant matter, Plaintiff similarly brings claims regarding a policy covered by the Release. Plaintiff argues that the Release specifically excludes future claims for future conduct and preserves a class member's right to assert claims "that independently arise from acts, facts, or circumstances arising exclusively after the end of the Class Period." *Varacallo*, 266 F.R.D. at 244. The Third Circuit, however, rejected that very argument in *Freeman*, where the plaintiff pleaded that overcharges on his policy began during the class period but argued that he only sought recovery for the amounts billed after the class period. *Id.* at 580. Finding that the Release does "cover[] claims that could have been

alleged at the time provided they arise out of, or are in any way related to, the covered transactions," the court dismissed the case. *Id.* Applying that ruling here, this Court thus concludes that it is of no consequence that Defendant raised some premiums and maintenance fees on Plaintiff's policy after the class period; Plaintiff admits that the alleged overcharges began during the class period, and thereby his claim is barred.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated:  11/28/2016                             s/ Robert B. Kugler

                                                                                             ROBERT B. KUGLER

                                                                                            United State District Judge